IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIDWEST INDUSTRIAL CONCEPTS, INC., ) ) ) Plaintiff, ) ) v. ) ) THE STATE GROUP INDUSTRIAL (U.S.A.) ) LIMITED and THE STATE GROUP INC., ) ) Defendants. ) | Case No. 3:15-cv-131-DRH-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

    Before the Court is the Motion for Leave to Amend filed by Plaintiff, Midwest Industrial Concepts, Inc., on August 11, 2015 (Doc. 35).   Plaintiff's Motion is **GRANTED**.

    Plaintiff seeks to add another entity, The State Group (USA) Holdings, Inc., as a defendant in this matter.  Plaintiff contends that it has a reasonable basis to believe that The State Group (USA) Holdings, Inc. is an appropriate defendant in this matter.  Defendants, The State Group Industrial (U.S.A.) Limited and The State Group, Inc., object to such an amendment as The State Group (USA) Holdings, Inc. was not a party to the contract at issue and any claim for damages is solely based on the contract between The State Group Industrial (U.S.A.) Limited and Plaintiff.

    Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires.  This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).   Accordingly,

the Court is to liberally allow amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). However, the terms of Rule 15(a) do not mandate that leave be granted in every case and a court may properly deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). An amendment is futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir.) (citing *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir.2013)).

Although Defendants essentially complain that the amendment is futile as The State Group (USA) Holdings, Inc. is not a proper defendant in this action, futility is not apparent. Based on Plaintiff's representation that there is a reasonable basis to believe The State Group (USA) Holdings, Inc. is an appropriate defendant, and finding that such belief has not been sufficiently refuted, the Court finds that justice so requires Plaintiff be allowed to amend its complaint. For these reasons, Plaintiff's Motion to Amend (Doc. 35) is **GRANTED**. Plaintiff is **ORDERED** to file its amended complaint by **October 6, 2015**.

**IT IS SO ORDERED.**

**DATED: September 30, 2015**

*Donald Wilkerson*

                      **DONALD G. WILKERSON**
                      **United States Magistrate Judge**